Weygandt, C. J.
The brief controlling facts are not in dispute.
The Johnsons were married on February 28, 1898. The decedent executed the will on October 25, 1937. Approximately a year and a half later Mrs. Johnson obtained a divorce on June 12, 1939. Mr. Johnson’s death occurred on December 7, 1951.
Under the provisions of his will, Mr. Johnson devised one half of his property to Mrs. Johnson and the other half to their daughter. However, it is the contention of the executor and the daughter that as to legacies and devises to Mrs. Johnson the will was revoked by implication when the divorce decree was granted. In the decree the trial court found that the parties had arrived at an amicable division of their *411 properties. The division was found to be fair and equitable and was confirmed.
The appellants, the executor and the daughter, quote the provisions of Section 10504-47, General Code (Section 2107.33, Revised Code), which enumerate various methods by which a will may be revoked. The concluding clause of that statute is that “nothing herein contained shall prevent the revocation implied by law, from subsequent changes in the conditions or circumstances of the testator. ’ ’
In the decision of this court in the case of Charlton v. Miller, Admr., 27 Ohio St., 298, 22 Am. Rep., 307, it was held that the mere granting of a divorce to the husband did not revoke his will leaving property to her. However, unlike the instant case, the will, in the first place, was executed prior to the marriage, and, secondly, there was no property settlement incident to the divorce decree.
That decision is in conformity with the great weight of authority.
And in the decision of this court in the case of Codner v. Caldwell, 156 Ohio St., 197, 101 N. E. (2d), 901, this court held that the granting of a divorce coupled with a property settlement did not impliedly revoke the will which, unlike the instant one, was executed prior to the marriage and hence was not based on marriage relationship. In the instant case the lower courts agreed that the decision in the Codner case is not decisive here.
However, the general rule is otherwise where, as here, the will was executed during the marriage and the divorce decree included a settlement of property rights.
In 41 Ohio Jurisprudence, 381, Section 188, the Ohio rule is summarized as follows:
“The weight of authority, adhered to by the Ohio courts, is that a divorce decree alone does not effect an *412 implied revocation of a will. Where, however, a divorce is coupled with a full settlement of property rights, there is an implied revocation of a prior [to the divorce and subsequent to the marriage] will of one spouse in favor of the divorced spouse, but only so far as the said will makes bequest or devise to the divorced spouse.”
To the same effect is the discussion in 57 American Jurisprudence, 371, Section 536.
Similar comment appears in the annotation following the case reported in 18 A. L. R. (2d), 697.
In the case of Will of Battis, 143 Wis., 234, 126 N. W., 9, 139 Am. St. Rep., 1101, that court based its conclusion on the following reasoning:
“The change in the condition and circumstances of a testator incident to a separation of the parties and a division and distribution of the husband’s estate operates to produce a complete destruction of their legal and moral relations and consequent obligations and duties. It is difficult to conceive of a condition and circumstances which are pregnant with as strong an intent to annul the testamentary provision made for the benefit of a testator’s wife and from which he would be led to conclude that the wife’s claim upon his estate and his bounty had been fully discharged. These changed conditions and circumstances of a testator are of a nature which naturally implies a different intent respecting his wife as the object of his bounty. The decree divorcing them and awarding a final division and distribution of his estate makes them strangers to each other, and the bestowal on her of such a portion of his estate as he ought in justice and right under the conditions and circumstances to bestow on her operates to discharge all his moral and legal duties toward her. It was upon such considerations that courts acted in establishing the doctrine of implied revocation of wills. The changed condition *413 and circumstances of a testator thus brought about are of a nature and, in effect, of such probative force as to imply that the testator intended that the testamentary provisions theretofore made for the wife should become revoked thereby.”
This court is impressed by the logic of the majority rule and by the fact that the General Assembly of Ohio expressly recognized the soundness of the rule by the enactment of Section 10504-47, General Code (Section 2107.33, Revised Code), supra.
The Court of Probate in the instant case was not in error in holding that under the circumstances of the divorce decree coupled with the full property settlement, there was, ah to legacies and devises to the divorced spouse, an implied revocation of the will executed during the marriage.
The judgment of the Court of Appeals is reversed and that of the Court of Probate affirmed.

Judgment reversed.

i Hart, Zimmerman, Stewart and Lamneck, JJ., 'concur.
Middleton and Taft, JJ., dissent.